UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHALONDA BROWN, | ) | CIVIL ACTION FILE |
| | ) | NO. |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| CITY OF FOREST PARK, GEORGIA; | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Shalonda Brown ("Plaintiff" or "Brown") respectfully submits the following Complaint:

## INTRODUCTION

Prior to the filing of this lawsuit, Donald Horton used his position and the authority of his position to engage in a pattern and practice of sexually harassing female co-workers, including Plaintiff. He subjected Plaintiff to multiple sexual advances and comments. Plaintiff brings a hostile work environment sexual harassment against the City under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and under Title VII. Plaintiff seeks declaratory and injunctive relief, damages, and attorneys' fees and costs. Plaintiff also asserts a retaliation claim under Title VII against the City.

1

## JURISDICTION AND VENUE

1. Plaintiff's claims under the Fourteenth Amendment and Title VII of the Civil Rights Act, which are actionable under 42 U.S.C. § 1983 and 42 U.S.C. § 2000(e) respectively, present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

2. This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b), because the Defendant resides in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## THE PARTIES

3. Plaintiff is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction. Plaintiff is an employee of the City of Forest Park, Georgia.

4. The City of Forest Park, Georgia ("The City") is a municipal corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. The City of Forest Park, Georgia may be served with process by serving the Executive Offices, 745 Forest Parkway, Forest Park, Georgia 30297.

## FACTUAL ALLEGATIONS

5. Plaintiff started her employment at the City of Forest Park in April 2018.

6. Plaintiff was promoted several times to ultimately serve as the Director

of Human Resources.

7. Plaintiff also served as the Interim City Manager from November 2020 through March 2021.

8. Don Horton was hired as the New Fire Chief in September 2020.

9. Horton's interactions with Brown were professional and friendly for the first few months of his employment.

10. However, by December 2020, Horton began making inappropriate comments to Brown including that she was "looking real good" or similar statements.

11. Horton continued to sexually harass Plaintiff by referencing "long nights" and telling her to stand and turn around so he could see her buttocks.

12. Brown rejected his advances.

13. Horton, on another occasion, sexually harassed the Mayor of the City of Forest Park.

14. Brown and the Mayor complained about Horton's sexually harassing behavior in late January or early February 2021 to the City Attorney.

15. Although the behavior was deemed inappropriate, nothing was done to Horton.

16. On or around March 29, 2021, Brown filed a formal complaint about Horton's misconduct.

17. An investigation was conducted by an outside investigator who determined on April 2, 2021, that Horton had sexually harassed Brown in violation of City policy.

18. Horton was terminated thereafter.

19. Since Brown complained about Horton's sexually harassing behavior, her job functions have been alerted.

20. Ms. Brown has been discriminated against based on her gender and retaliated against for her opposition conduct in violation of Title VII, 42 U.S.C. § 2000e et seq.

## COUNT I
## Sexual Harassment/Gender Discrimination
## Equal Protection Clause

21. Plaintiff incorporates each of the above factual allegations as if fully restated here.

22. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiff to equal protection under the laws regardless of her gender.

23. Defendant violated Plaintiff's rights to equal protection by, among other things, subjecting her to a sexually harassing and hostile working environment.

24. Defendant City violated Plaintiff's rights to equal protection by failing to

take reasonable preventative or corrective measures with respect to the unlawful harassing conduct.

25. The conduct of Defendant constitutes unlawful sexual harassment, based upon gender, in violation of the Equal Protection Clause.

26. Defendant undertook all of the unlawful conduct giving rise to the Plaintiff's claims while acting under color of State and local law.

27. Defendant's unlawful conduct violated the above-pled clearly established law.

28. As a direct and proximate result of all of the Defendant's actions, Plaintiff has suffered damages including garden variety emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

## COUNT II
### Sexual Harassment/Gender Discrimination
### Title VII

29. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

30. Defendant City's discrimination against Plaintiff because of her gender in her terms and conditions of employment by creating a hostile work environment violates the statutory provisions and protections of Title VII.

31. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits of

5

employment, garden variety emotional distress, mental anguish, humiliation, pain and suffering.

32. Plaintiff is threatened with further injury and loss for which she has no plain, adequate or speedy remedy at law.

33. Defendant City's acts and conduct constitute willful and intentional discrimination.

34. Defendant City engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Plaintiff's rights.

## COUNT III
### Retaliation
### Title VII

35. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

36. Plaintiff engaged in protected activity by reporting the sexual harassment she faced to the City Attorney.

37. Defendant City retaliated against Plaintiff by altering her job functions and allowing employees to engage in a retaliatory hostile work environment against her.

38. As a direct and proximate result of Defendant City's violations of Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits of employment, garden variety emotional distress, mental anguish, humiliation, pain

and suffering.

39. Defendant City of Atlanta engaged in retaliatory practices intentionally and/or with malice and/or with reckless indifference to Ms. Plaintiff's rights.

40. As a direct and proximate result of Defendant City of Atlanta's violations of Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

a. declaratory judgment that Defendant violated the Plaintiff's rights under the Equal Protection Clause;

b. an injunction prohibiting the Defendant from engaging in such unlawful conduct in the future;

c. compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's garden variety emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

d. reasonable attorneys' fees and costs; and

e. other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted on this 15th day of October 2021.

                                    LEGARE, ATTWOOD & WOLFE, LLC

                                    *s/Eleanor Mixon Attwood*
                                    Eleanor Mixon Attwood
                                    Georgia Bar No. 514014
                                    emattwood@law-llc.com

Decatur Town Center Two
125 Clairemont Avenue, Suite 380
Decatur, GA  30030
Telephone: 470.823.4000
Facsimile: 470.201.1212

Counsel for Plaintiff